IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02254-PAB-MJW

ESTATE OF S. JAYNE ESGAR,

Petitioner,

v.

UNITED STATES OF AMERICA,
DANIEL I. WERFEL, Commissioner of Internal Revenue, and
CASINOVA O. HENDERSON, Revenue Agent,

Respondents.

## ORDER REGARDING
## PETITION TO QUASH THIRD-PARTY SUMMONS (DOCKET NO. 1)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Petition to Quash Third Party Summons (docket no. 1).  The court has reviewed the subject motion (docket no. 1), the Memorandum of Law in Support of the Petition to Quash Third-Party Summons (docket no. 3), the United States' Notice of Restoration of Appropriations, Motion for Summary Denial of Petition to Quash Internal Revenue Summons, and Motion for Enforcement of Summons Issued to Legacy Bank (docket no. 10), United States' Memorandum in Support of Motion for Summary Denial of Petition to Quash Internal Revenue Summons and Motion for Enforcement of Summons Issued to Legacy Bank (docket no. 10-1), and United States' Reply in Support of Motion for Summary Denial of Petition to Quash Internal Revenue Summons, and Motion for Enforcement of Summons Issued to [Third Party Record Keeper] Legacy Bank (docket no. 12).  In addition, the court has taken

2

judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this case involves the examination of an Estate Tax Return of Petitioner *Estate of S. Jayne Esgar* [hereinafter "Petitioner"] by Respondents.  In particular, the information sought by Respondents centers around the value of Legacy Bank stock held by Petitioner in 2011.  IRS Revenue Agent Casinova O. Henderson [hereinafter "Henderson"] is auditing the 2011 Estate Tax Return for the Petitioner and is "attempting to ascertain the correction of the return."  See Declaration of Casinova O. Henderson, docket no. 10-2, at ¶ 4;

5. That Petitioner seeks an Order from this court quashing the Third-Party Summons served upon Third-Party Record Keeper Legacy Bank, a Colorado corporation.  In support, Petitioner argues that Respondents cannot meet the "relevancy and materiality" test

3

required by United States v. Powell, 379 U.S. 48 (1964), and Respondents are already in possession of much of the information requested in the summons.  Further, Petitioner argues that the summoned information will not cause additional estate tax to be owed by Petitioner as a result of the unlimited marital deduction.  Lastly, Petitioner argues that the summons is nothing more than a "fishing expedition" completely void of any "realistic expectation" that the information sought "may be relevant," or result in any increase in tax liability.  Thus, Respondents allegedly cannot make any showing of a "realistic expectation rather than an idle hope" of finding something, as required by United States v. City Nat. Bank & Trust Co., 642 F.2d 388, 389 (10th Cir. 1981) (quoting United States v. Harrington, 388 F.2d 520, 524 (2nd Cir. 1968));

6. That Respondents argue that they have meet their requirements under Powell, *supra*.  In Powell, the Supreme Court noted that the IRS can issue a summons "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."  See Powell, 379 U.S. at 57.  Respondents further argue that the Declaration of Respondent Casinova O. Henderson, Revenue Agent (docket no. 10-2), clearly articulates the purpose and legitimacy of the challenged summons directed to Legacy Bank.  In particular, Henderson states in her Declaration (docket no. 10-2) that the "books, papers, records, and other data sought by the

4

summons may be relevant for the purpose of ascertaining the correctness of Petitioner's Form 706 Estate Tax Return for 2011." Declaration (docket no. 10-2) at ¶ 9;

7. That Respondents have the authority to issue a summons to the Third-Party Record Keeper Legacy Bank pursuant to 26 U.S.C. § 7602. The authority to issue a summon includes "ascertaining the correctness of any return." 26 U.S.C. § 7602(a). Thus, the summons was issued for a proper purpose. The Respondents' summons authority extends to the issuance of a summon to a third-party record keeper such as banks and financial institutions. See 26 U.S.C. §§ 7602(a), 7603(b), 7609. See also Neece v. IRS, 922 F.2d 573, 576 n.4 (10th Cir. 1990) (outlining the requirements for issuance of a third-party summons);

8. That the information sought in the summons to the Third-Party Record Keeper Legacy Bank may be relevant to the purpose of the audit examination of the Petitioner Estate of S. Jayne Esgar's Estate Tax Return for 2011 being conducted by Respondents, noting that such information may demonstrate the correctness of the Estate Tax Return for 2011. Thus, this court finds the information being sought is relevant;

9. That the summons to the Third-Party Record Keeper Legacy Bank is not being used as "fishing expedition;"

10. That the Declaration (docket no. 10-2 at ¶ 7) by Henderson states

5

that a spreadsheet purporting to list the sales of shares of Legacy Bank from the Representative of the Estate, which is being sought in the summons, is "not already in the possession of the Internal Revenue Service;"

11. That the summons meets the administrative steps required by the Internal Revenue Service. See summons served on Third-Party Record Keeper Legacy Bank, the copy of the summons on the Petitioner's Representative and Executor, the Declaration (docket no. 10-2, ¶¶ 6 and 8) by Henderson, and docket no. 10-4; and

12. That Respondents have met all of the requirements under Powell, *supra*.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That the Petition to Quash Third Party Summons (docket no. 1) is **DENIED**;

2. That the United States' Motion for Summary Denial of Petition to Quash Internal Revenue Summons and Motion for Enforcement of Summons Issued to Legacy Bank (Docket No. 10) is **GRANTED**;

3. That the Third Party Record Keeper Legacy Bank shall appear before Respondent Casinova Henderson, Internal Revenue Service, Estate & Gift Tax Group, 1206 50 State Street, 12th Floor,

6

Trenton, NJ 08608, and produce the information sought in Respondents' summons (docket no. 10-3) to Ms Henderson in the Matter of Estate of Jayne S. Esgar.  The parties shall meet and confer with the Third Party Record Keeper Legacy Bank and set a new date and time for delivery of the information sought in the Respondents' summons (docket no. 10-3) and for testimony by the Third Party Record Keeper Legacy Bank; and

4. That each party shall pay their own attorney fees and costs for this petition and motion.

Done this 16th day of January 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE